Ding v. Sessions

BIA
Christensen, IJ
A205 625 655

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand seventeen.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

FENGRONG DING,
*Petitioner,*

v.                                                      16-2271
                                                        NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Robert J. Adinolfi, New York, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Derek C. Julius,
                         Assistant Director; Bernard A.
                         Joseph, Senior Litigation Counsel,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fengrong Ding, a native and citizen of the People's Republic of China, seeks review of a June 10, 2016 decision of the BIA affirming a July 7, 2015 decision of an Immigration Judge ("IJ") denying Ding's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fengrong Ding,* No. A 205 625 655 (B.I.A. June 10, 2016), *aff'g* No. A 205 625 655 (Immig. Ct. N.Y.C. July 7, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the BIA and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility determination on inconsistencies or omissions in an applicant's oral and written statements and other record evidence. 8 U.S.C.

§ 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 163-64, 166-67. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Upon review, we conclude that the agency's adverse credibility determination is supported by substantial evidence.

"[A] material inconsistency in an aspect of [an applicant]'s story that served as an example of the very persecution from which [s]he sought asylum . . . afford[s] substantial evidence to support [an] adverse credibility finding." *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006)(internal quotation marks omitted). As the agency found, the record reflects material inconsistencies regarding the basis of Ding's family planning claim. Ding's asylum application alleged a single forced abortion and she testified to having undergone one abortion and to having one intra-uterine device ("IUD") removed. Her medical records, in contrast, showed that she had two IUDs removed and underwent two abortions. And a record that she obtained in 2014, presented to resolve this inconsistency, instead introduced a second inconsistency: Ding testified that family planning

3

officials arrived at her home around noon on the day of her abortion, but the 2014 record showed that she was at the hospital about two hours earlier. The agency was not required to credit her explanations for these inconsistencies because the explanations themselves were inconsistent. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Ding argues that these inconsistencies actually enhanced her credibility, because they showed that she suffered worse treatment than she had claimed and demonstrated that she was not attempting to embellish her claim at the hearing. But the inconsistencies are clear. They relate to the heart of her claim. They call into question the validity of Ding's medical records, and, by extension, her credibility as a whole. *See Siewe v. Gonzales*, 480 F.3d 160, 170-71 (2d Cir. 2007). Ding also argues that the agency "cherry-picked" facts by relying on her medical records to show inconsistencies while also giving the records little weight. But the agency had the discretion to determine the weight of the evidence, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006), and, as noted above, the inconsistencies that it cited called into question the credibility of her testimony and the validity of the records that she presented.

Given these inconsistencies bearing directly on the basis of Ding's asylum claim, we conclude that substantial evidence supports the agency's adverse credibility determination. *See Xian Tuan Ye*, 446 F.3d at 295; *Xiu Xia Lin*, 534 F.3d at 167. Because Ding's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of her petition for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```